■ In the Matter of MURRY ULLIAN et al., Respondents, v. TOWN BOARD OF THE TOWN OF HEMPSTEAD, Appellant.— Judgment of the Supreme Court, Nassau County, entered December 14, 1971, affirmed, without costs, on the opinion of Mr. Justice Albert at Special Term. Shapiro, Acting P. J., Gulotta, Christ and Brennan, JJ., concur. [68 Misc 2d 393.]

■ GEORGE T. MILLER, SR., Individually and as Administrator of the Estate of GEORGE T. MILLER, Deceased, Respondent, v. HARVEY KAHN, an Infant, by His Father and Natural Guardian, LAWRENCE KAHN, et al., Appellants.— In a negligence action to recover damages for wrongful death and conscious pain and suffering, defendants appeal from an order of the Supreme Court, Kings County, dated March 22, 1971, which denied their motion to vacate and strike plaintiff's demand for a bill of particulars. Order modified by striking therefrom the words "in all respects" and adding thereto, immediately after the provision that the motion is "denied", the following: "to the extent that defendants shall furnish a bill of particulars setting forth: (1) what acts or omissions defendants claim constituted negligence on the part of the deceased infant contributing to the happening of the accident; and (2) the names and addresses of all witnesses obtained at the scene of the accident; and that the motion is otherwise granted." As so modified, order affirmed, without costs. In our opinion the particulars granted should not have exceeded the scope of the items above mentioned. Rabin, P. J., Hopkins, Martuscello, Latham and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. IRVING C. WALSTON, JR., Appellant, v. CHARLES CYRTA, as Warden of the Suffolk County Jail, Respondent.— Appeal by relator from four judgments or orders of the Supreme Court, Suffolk County, (1) one entered November 2, 1970, upon a decision dated October 15, 1970; (2) one entered December 10, 1970, upon a decision dated October 27, 1970; (3) one entered December 10, 1970, upon a decision dated October 29, 1970; and (4) one entered December 10, 1970, upon a decision dated November 3, 1970. (The separate notices of appeal misdescribed the papers appealed from as bearing the respective dates of October 15, 1970, October 27, 1970, October 29, 1970 and November 3, 1970, which were the separate decision dates.) The appeal from the order entered December 10, 1970 upon the decision dated October 27, 1970 was dismissed by order of this court dated January 8, 1971. Therefore we have not reviewed that order. However, we have examined the merits of that appeal and, if that appeal were properly before us, we would affirm that order. The remaining judgments are affirmed, without costs. No opinion. Rabin, P. J., Munder, Martuscello, Gulotta and Benjamin, JJ., concur.